[L. A. No. 3480.  Department Two.—June 2, 1915.]

## W. M. GOODWIN, Appellant, v. WHITTIER, COBURN COMPANY (a Corporation), Respondent.

HUSBAND AND WIFE—DAMAGES FOR FALSE COMMUNICATION—SUFFICIENCY OF COMPLAINT.—A complaint is insufficient which alleges that defendant mailed a letter to an association of credit men of a building material dealer's association, stating falsely that plaintff, a builder, owed defendant a sum of money for materials furnished, the contents of which in an unexplained manner was designedly made known to plaintiff's wife, in consequence of which she underwent an altered physical condition and became estranged from plaintiff for a long time, which resulted in damage to plaintiff.

ID.—FRIVOLOUS APPEAL.—An appeal from an order sustaining a general demurrer to such a complaint is frivolous and a penalty of added costs will be imposed.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

E. M. Barnes, for Appellant.

Bert F. Mull, for Respondent.

HENSHAW, J.—This is an appeal from the judgment which followed the sustaining of the demurrer to plaintiff's second amended complaint.  Appellant's principal grievance would appear to be that the ruling of the court sustaining the demurrer was made in his absence, he being "at the time busy in another department."  In response to this it is shown that upon no occasion when the pleading of plaintiff's attorney was under attack, did he appear to defend it.  He neither appeared upon the motion to quash service, upon the motion to set aside and strike his complaint from the files, upon the hearing of the demurrer to his amended complaint, nor upon the hearing of the demurrer to the second amended complaint, which was sustained without leave to amend.  And, finally, it is shown that the demurrer, called for hearing at 10 o'clock A. M., was not reached until 2:30 of the afternoon of the same day.  It is not, however, so

CLXX Cal.—20

much a matter of surprise that plaintiff's attorney should have absented himself from the hearing on the demurrer, as that he should have filed the complaint to which the demurrer was interposed.

The complaint charges that plaintiff is a married man; that he was engaged in the business of "building and contracting"; that there is an association in the city of Los Angeles "of credit men, building material dealers, of whom plaintiff has been buying his materials for building and contracting. The names of the members thereof are unknown to plaintiff," but are well known to defendant. This would seem to mean that plaintiff did not know the names of the "building material dealers" from whom he had been buying his material, but the defendant did. Next it is alleged that in November, 1912, the defendant, "through its agents, wrote a letter to said association stating that plaintiff owed defendant herein a bill of thirty-three dollars and eighty cents and had owed the same since December, 1911, for materials purchased from said defendant by plaintiff." Defendant deposited this letter in the United States post-office and the letter was received by the association through the post-office on the day last mentioned. "That statement made in said letter above named was false, and well known to the defendant at the time of writing the same to be false and made by defendant willfully and maliciously. That said false and malicious statements in said letter became known to plaintiff's said wife on or about the twentieth day of November, 1912. That the necessary and inevitable results of said knowledge to plaintiff's wife caused her to become ill with much increased continuous flowing of blood of the monthly period peculiar to women and caused her to have great distaste and repugnance toward plaintiff and to continue in said illness and frame of mind up to the present time, and as plaintiff is informed and believes she will so continue for a long time, the exact duration of which is unknown to plaintiff, solely as the necessary and inevitable result of said knowledge, and solely thereby and therefrom plaintiff is now and ever since said twentieth day of November, 1912, has been deprived of the society and comfort of his said wife." "Plaintiff's said wife knew the contents of the said letter solely because of said mailing, and at the time of said mailing it was the intention of said defendant that

plaintiff's wife should become possessed of said knowledge."
By these acts plaintiff alleges he has been damaged in the
sum of five thousand dollars and he asks exemplary damages
in the sum of five thousand dollars more.

Construing this pleading most strongly in favor of rather
than against the pleader, we have here a charge that the
defendant mailed a letter to some sort of an association of
credit men of a building material dealers' association, falsely
stating that plaintiff owed defendant thirty-three dollars
for materials furnished. We have the statement that the
contents of this letter, received by the association on the
nineteenth day of November, was in some unexplained man-
ner made known to plaintiff's wife on the following day;
that it was designed that she should know the contents, and
it is then declared "that the necessary and inevitable results
of said knowledge" were to estrange the wife from the hus-
band, to inordinately increase her menstrual flow, and to
work a continuance of this state of mind and of this physical
condition "for a long time," "the exact duration of which
is unknown to plaintiff."

It would be stultifying the law to enter into any exposi-
tion of the insufficiency of a complaint such as this to charge
a cause of action.

The judgment appealed from is affirmed, with fifty dollars
added costs for a frivolous appeal.

Lorigan, J., and Melvin, J., concurred.